IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE DONALDSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0067-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Henry Lee Donaldson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Kaufman County jury convicted petitioner of possession of more than 50 pounds but less than 2,000 pounds of marijuana and sentenced him to 10 years confinement. The jury also found that petitioner used or exhibited a deadly weapon in the commission of the offense. His conviction, sentence, and deadly weapon finding were affirmed on direct appeal. *Donaldson v. State*, No. 08-08-00025-CR, 2009 WL 4049113 (Tex. App.-- El Paso, Nov. 24, 2009, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Donaldson*, WR-74,578-01 (Tex. Crim. App. Sept. 8, 2010). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) his conviction was the result of an unlawful search and seizure; and (2) the evidence was legally insufficient to support the finding that he used or exhibited a deadly weapon.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). To be unreasonable, the application of clearly established federal law must

be more than merely incorrect. *See Gardner v. Johnson*, 247 F.3d 551, 559 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *citing Williams*, 120 S.Ct. at 1521-22. Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, No. 09-70024, 2011 WL 1812764 (5th Cir. May 12, 2011).

B.

Petitioner contends that his conviction was the result of an illegal *Terry* stop,[1] an unlawful detention, and an administrative search conducted without his consent. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *See Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). The Fifth Circuit has held that "[a]n 'opportunity for full and fair litigation' means just that: an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003). A habeas petitioner must plead

---

[1] Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

and prove that the state court proceeding was inadequate in order to obtain federal post-conviction relief. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

There is no question that Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues. *See Kendricks v. Quarterman*, No. 3-05-CV-1722-N, 2008 WL 2081549 at *3 (N.D. Tex. May 1, 2008). In fact, such a hearing was held in this case. After considering the evidence, the trial court found that the initial traffic stop, petitioner's detention, and the search of his tractor-trailer truck were lawful. (*See* SF-II at 123-58). That ruling was affirmed on direct appeal. *Donaldson*, 2009 WL 4049113 at *2. Absent new evidence that was not available at the time of trial, petitioner is barred from relitigating his Fourth Amendment claim in federal court. *See Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995) (applying *Stone* bar in absence of new facts that were not developed at trial); *Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *5 (N.D. Tex. Jan. 3, 2008), *aff'd*, 358 Fed. Appx. 585, 2009 WL 5102867 (5th Cir. Dec. 23, 2009) (same).

C.

Petitioner also contends that the evidence was legally insufficient to support the finding that he used or exhibited a deadly weapon in commission of the offense. The evidence presented at trial shows that an unloaded firearm was discovered in a black toiletry bag near the driver's seat of petitioner's truck. (*See* SF-III at 32-33). Two magazines of ammunition were within easy reach of the weapon and the gun's safety switch was off. (*Id.* at 32-36). Trooper Kevin Pederson testified that it would have been easy for petitioner to get the gun ready to shoot. (*Id.* at 36). Another witness, Sergeant Maury Buford, stated that weapons are often used to protect the possession and distribution of drugs. (*Id.* at 69).

The state appeals court determined that this evidence was sufficient to support a deadly weapon finding. *Donaldson*, 2009 WL 4049113 at *3. This court must defer to that decision unless petitioner demonstrates it "was based on an unreasonable determination of the facts in light of the evidence presented." *Denbow v. Johnson*, No. 3-01-CV-0148-X, 2001 WL 896929 at *2 (N.D. Tex. Aug. 2, 2001), *quoting Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2001 (2001). Petitioner has failed to meet this heavy burden. As the state court explained:

> Trooper Pederson testified that the gun was concealed, in close proximity to the driver's seat, that the ammunition was close by, and that the gun's safety switch was off. The trooper also testified that it would have been very easy to get the gun ready to shoot. Sergeant Burford [sic] testified that based on the amount and potential street value of the marijuana, the transporter would be likely to carry a weapon to protect the contraband from competing dealers. The sergeant also noted that drug deals often turn violent, and weapons are involved. Viewing the evidence in a light most favorable to the verdict, we conclude it was reasonable for the jury to determine that Appellant was in possession of the weapon to protect the marijuana he was transporting.

*Donaldson*, 2009 WL 4049113 at *3 (citations omitted). Contrary to petitioner's argument, this type of evidence is more than sufficient to establish the type of affirmative link necessary to support a deadly weapon finding under Texas law. *See, e.g. Coleman v. State*, 145 S.W.3d 649, 655 (Tex. Crim. App. 2004) ("use" may be proved by evidence that a firearm facilitated the possession and distribution of drugs); *Hicks v. State*, 255 S.W.3d 351, 355 (Tex. App. -- Texarkana 2008, no pet.) (evidence of gun's proximity to drugs and to the defendant himself was sufficient for jury to find that defendant used a deadly weapon in the commission of the offense). This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE